UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIL SAGAR,

    Petitioner,

v.

GEORGE JAIME,

    Respondent.

Case No. 21-cv-02379-JD

**ORDER TO SHOW CAUSE**

Anil Sagar, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Mateo County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

Petitioner was found guilty by a jury of assault with a deadly weapon. *People v. Sagar*, No. A150155, 2018 WL 6804456, at *1 (Cal. Ct. App. December 27, 2018). Petitioner was sentenced to eleven years in state prison. *Id*. The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Petition at 4.

## DISCUSSION

### STANDARD OF REVIEW

This Court may hear a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all

the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support his conviction; (2) the trial court improperly instructed the jury regarding the deadly weapon;[1] (3) he received ineffective of trial counsel; and (4) he received ineffective of appellate counsel. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The clerk is requested to serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Docket No. 1).

2. Respondent will file with the Court and serve on petitioner, within eighty-four (84) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he mustok do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

---

[1] In this federal petition, petition argues that the state trial court violated the Federal Rules of Criminal Procedure when instructing the jury. Petition at 5. While the Federal Rules of Criminal Procedure do not apply in state court, petitioner argued in his state habeas petition that the trial court violated his rights by issuing an improper jury instruction. Petition at 19. In light of petitioner's pro se status, the Court will liberally construe the claim to be the claim from his state habeas petition which may proceed.

2

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due eighty-four (84) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 7, 2021

JAMES DONATO
United States District Judge